Brian F. McDonough (NJ Attorney ID 026121980)
Assistant Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5271

Brent W. Johnson (NJ Attorney ID 031902003)
Emmy L. Levens (*pro hac vice*)
Robert A. Braun (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL LLP
1100 New York Avenue NW, Suite 800
Washington, DC 20005
(202) 408-4600
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JENNIFER DAVENPORT, Attorney General of New Jersey; JEREMY E. HOLLANDER, Acting Director of the New Jersey Division of Consumer Affairs,<br><br>     *Plaintiffs*,<br>  v.<br><br>REALPAGE, INC., et al.,<br><br>     *Defendants*. | Civil Action No. 2:25-cv-03057<br>Hon. Madeline Cox Arleo<br>Hon. Jessica S. Allen |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

## TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................. 1

II.     BACKGROUND .................................................................................................. 2

III.    LEGAL STANDARD .......................................................................................... 4

IV.     ARGUMENT........................................................................................................ 5

        A.      There is no prejudice to Defendants................................................. 5

        B.      There is no undue delay...................................................................... 6

        C.      There is no bad faith........................................................................... 6

        D.      Amendment is not futile. .................................................................... 7

V.      CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arthur v. Maersk, Inc.*,
    434 F.3d 196 (3d Cir. 2006)........................................................................................................4

*Berkshire Fashions, Inc. v. M.V. Hakusan II*,
    954 F.2d 874 (3d Cir. 1992)......................................................................................................4, 5

*Briscoe v. Klaus*,
    538 F.3d 252 (3d Cir. 2008)........................................................................................................5

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)....................................................................................................4, 5

*Charpentier v. Godsil*,
    937 F.2d 859 (3d Cir. 1991)........................................................................................................5

*Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*,
    573 F.2d 820 (3d Cir. 1978)........................................................................................................5

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990)........................................................................................................5

*In re Elec. Books Antitrust Litig.*,
    859 F. Supp. 2d 671 (S.D.N.Y. 2012)........................................................................................8

*Gonzalez v. Lyft, Inc.*,
    2023 WL 7135177 (D.N.J. Feb. 27, 2023) (Allen, Mag. J.).......................................................6

*M. Cohen & Sons, Inc. v. Platte River Ins. Co.*,
    2023 WL 3736354 (D.N.J. May 30, 2023) .................................................................................7

*Mullin v. Balicki*,
    875 F.3d 140 (3d Cir. 2017).................................................................................................4, 5, 6

*In re Processed Egg Prods. Antitrust Litig.*,
    821 F. Supp. 2d 709 (E.D. Pa. 2011) .........................................................................................8

*Shane v. Fauver*,
    213 F.3d 113 (3d Cir. 2000)....................................................................................................7, 10

*Verikios v. Taina Corp.*,
    2013 WL 5435318 (D.N.J. Sep. 27, 2013) ..............................................................................5, 6

ii

**Statutes**

New Jersey Antitrust Act .................................................................................................2, 3, 10

New Jersey Consumer Fraud Act ...............................................................................................2

Sherman Act.................................................................................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 15(a)(2) ...............................................................................1, 4

Federal Rule of Civil Procedure 16(b)(3) ..................................................................................6

Local Rule 15.1(a)(1)–(2) ...........................................................................................................1

### I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs Jennifer Davenport, Attorney General of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs ("Plaintiffs") request leave to file the proposed Amended Complaint that is attached to this Motion.[1] In dismissing Plaintiffs' antitrust claims against Defendant AvalonBay Communities, Inc. ("AvalonBay") without prejudice, the Court identified a discrete pleading gap: the Complaint did not specifically allege that AvalonBay subverted the contractual provisions seemingly barring RealPage's sharing and use of certain confidential data underlying the price-fixing conspiracy at issue. The proposed Amended Complaint closes this gap with concrete, targeted allegations that plausibly demonstrate AvalonBay's participation in the alleged conspiracy. And in addition to closing this gap, the proposed Amended Complaint includes new allegations that demonstrate AvalonBay's role as an architect of the conspiracy in an effort to



For instance, the proposed Amended Complaint alleges that in numerous instances at New Jersey properties, AvalonBay employees

Am. Compl. ¶¶ 120–22. AvalonBay

*Id.* ¶ 126. Furthermore,

---

[1] In accordance with Local Rule 15.1(a)(1)–(2), this Motion encloses both a "clean" version of the proposed Amended Complaint and a "redline" version of the proposed Amended Complaint that indicates in what respects the proposed Amended Complaint differs from the original Complaint.

████████████████████████████████████████████

████ *Id.* ¶¶ 133–36.

These new allegations are directly responsive to the issues raised in the Court's motion to dismiss ruling, and there are no equitable considerations that weigh against amendment here. Because this amendment is timely, offered in good faith, non-futile, and imposes no prejudice on any Defendant, leave to amend should be granted.

## II.    BACKGROUND

Plaintiffs—the New Jersey Attorney General and the Acting Director of the New Jersey Division of Consumer Affairs—filed suit against AvalonBay and other landlords (collectively, "Defendant Landlords") alleging that they conspired with each other and Defendant RealPage, Inc. ("RealPage") to increase rents for nearly 100,000 multifamily housing units in New Jersey by way of RealPage's Revenue Management Software. Compl. ¶ 9. Plaintiffs' Complaint brought four counts against each Defendant, alleging: (1) violations of Section 1 of the Sherman Act; (2) violations of the New Jersey Antitrust Act ("NJAA"); (3) violations of the New Jersey Consumer Fraud Act for commercial practices in violation of state or federal law; and (4) violations of the New Jersey Consumer Fraud Act for unconscionable commercial practices, misrepresentations, and acts of deception. *See id.* ¶¶ 226–61.

On July 29, 2025, Defendants filed five separate motions to dismiss, all of which sought to dismiss the Complaint in its entirety for failure to state a claim. *See* ECF Nos. 115, 116, 117, 118, 120. In its motion to dismiss, AvalonBay argued that its RMS licensing agreement with RealPage contained provisions precluding AvalonBay's participation in the antitrust conspiracy. ECF No. 120, at 18–24. Plaintiffs' Complaint recognized the existence of these provisions, but alleged that AvalonBay circumvented them to actively join the conspiracy. Compl. ¶ 20.

2

On March 31, 2026, the Court granted in part and denied in part Defendants' motions to dismiss. ECF No. 160. In particular, the Court held that Plaintiffs had stated Sherman Act and NJAA claims against all Defendants except for AvalonBay, and dismissed those claims against AvalonBay without prejudice. *Id.* at 46–47. The Court reasoned that, without more specific allegations about AvalonBay's participation in the conspiracy, the contract provisions identified in AvalonBay's motion made it "implausible to infer [that AvalonBay] engaged in the exchange of Confidential Data integral to inferring the existence of a preceding agreement among the other Defendant Landlords." *Id.* at 27; *see also id.* at 30 n.16 ("[T]he Data Restriction Provisions make it implausible to infer (without allegations clearly stating AvalonBay subverted these provisions) that AvalonBay engaged in the specific information exchange necessary to participate in this broader conspiracy."). Relatedly, although Plaintiffs pled that AvalonBay had an "opportunity" to manually input competitor data into its RMS, the Court concluded that Plaintiffs "[did] not actually allege that AvalonBay did this," nor did Plaintiffs allege that any such inputs would affect the prices RealPage provides to AvalonBay via RMS. *Id.* at 29. "Without any of these key allegations," the Court held, "Plaintiffs' antitrust claims against AvalonBay are dismissed." *Id.* at 30.

Plaintiffs' proposed Amended Complaint adds these "key allegations," which were informed by facts obtained after the filing of the original Complaint. The proposed Amended Complaint alleges that AvalonBay ███████████████████████████████████ ████████████████████████████████████████████████ Am. Compl. ¶¶ 120–22. The proposed Amended Complaint also adds allegations detailing how ████████ ████████████████████████████████████████████████ ██████████ *Id.* ¶¶ 123–32. In addition, the proposed Amended Complaint details how AvalonBay employees were exceptionally involved in the alleged conspiracy. *Id.* ¶¶ 133–42. AvalonBay

3

employees ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████[2] *Id.*

If Plaintiffs are granted leave to file, this will be their first Amended Complaint. The Parties' joint discovery plan is due July 13, 2026, with the initial scheduling conference to follow. ECF No. 205. Discovery has not yet begun.

## III.   LEGAL STANDARD

Relevant here, under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." "[T]he District Court's discretion [to grant leave], circumscribed by [] Rule 15's directive in favor of amendment, must be 'exercised within the context of liberal pleading rules.'" *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (quoting *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992)). Thus, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

---

[2] The proposed Amended Complaint also makes minor changes to syntax and verb tenses in certain instances, as reflected in the redlined copy enclosed with this motion. These changes do not affect the substance of Plaintiffs' allegations. In addition, the proposed Amended Complaint marks Count III (which was dismissed by the Court's March 31 ruling) and Count IV (which was dismissed in part as to certain defendants) as "Preserved Claims." Plaintiffs maintain and continue to allege these claims to the extent they were approved by this Court's March 31 ruling, and to the extent they were dismissed, Plaintiffs preserve them in the amended pleading for purposes of preservation in the event of a future appeal. *See U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 517 (3d Cir. 2007) (noting that "[a]dding a section to an amended pleading specifically preserving the claim certainly suffices" to preserve appellate review of dismissal).

In the Third Circuit, courts primarily consider four equitable factors in determining whether to grant leave to amend—each of which reflect the general preference for granting leave to amend. The factors are undue delay, bad faith or dilatory motive, prejudice to the opposing party, and futility of amendment. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."); *Berkshire Fashions*, 954 F.2d at 886. The most important of these equitable factors is prejudice to the non-moving party. *Mullin*, 875 F.3d at 150. "Unless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991).

## IV.    ARGUMENT

The Court should grant leave to amend because there are no equitable factors weighing against amendment.

### A.    There is no prejudice to Defendants.

First, and most importantly, the proposed amendment does not prejudice Defendants. "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823–24 (3d Cir. 1978). To show that an amendment is prejudicial, a non-moving party must "demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 489 (3d Cir. 1990) (citations omitted). This generally requires showing "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008).

5

The amendment does not change Plaintiffs' case theory, add new causes of action, nor otherwise alter any of Defendants' obligations. Indeed, the parties have yet to begin discovery. *See* ECF No. 180; *see also Verikios v. Taina Corp.*, 2013 WL 5435318, at *4 (D.N.J. Sep. 27, 2013) ("[T]he Court finds that granting Plaintiffs' motion [to amend] will not prejudice Defendants as discovery has not yet commenced."). Neither AvalonBay nor any other Defendant will be prejudiced by this amendment.

### B.    There is no undue delay.

Second, there has been no undue delay in seeking amendment. A delay is "undue" when it is "protracted and unjustified," such that it "place[s] a burden on the court or counterparty" or "indicate[s] a lack of diligence" on the part of the moving party. *Mullin*, 875 F.3d at 151. Here, Plaintiffs have promptly sought leave to amend within less than four months of the Court's granting AvalonBay's motion to dismiss, and before the Court has even had occasion to set a deadline for amendments pursuant to Federal Rule of Civil Procedure 16(b)(3). There is no undue delay.

### C.    There is no bad faith.

Third, Plaintiffs are not acting in bad faith. "Similar to the 'undue delay' inquiry, '[t]he question of bad faith requires the Court to focus on the party's reasons for not amending sooner.'" *Gonzalez v. Lyft, Inc.*, 2023 WL 7135177, at *4 (D.N.J. Feb. 27, 2023) (Allen, Mag. J.) (quoting *Zelma v. Choice Energy, LLC*, 2020 WL 5201341, at *2 (D.N.J. Sep. 1, 2020)). To deny an amendment on bad faith grounds alone, the Court "would need the very clearest evidence of abuse by [P]laintiff." *Id.* (quoting *Diorio v. Harry*, 2020 WL 1140307, at *4 (M.D. Pa. Mar. 9, 2020)).

As noted above, Plaintiffs have not delayed seeking leave to amend, nor is there any evidence of abuse or dilatory motive; rather, Plaintiffs' amendment aims to address the Court's

rulings that the original Complaint's allegations failed to state antitrust claims against AvalonBay with facts obtained after the filing of the original Complaint. There is no bad faith.

**D.      Amendment is not futile.**

Fourth, the amendment is not futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted," and is assessed under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Therefore, "leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

In general, "[a] determination as to futility does not require a conclusive determination on the merits of a claim or defense; rather, the futility of an amendment may only serve as a basis for denial of leave to amend when the proposed amendment is frivolous or advances a claim that is legally insufficient on its face." *M. Cohen & Sons, Inc. v. Platte River Ins. Co.*, 2023 WL 3736354, at *4 (D.N.J. May 30, 2023) (quoting *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)). Further, "[g]iven the liberal standard applied to the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Id.*

Here, Plaintiffs' amendment is not futile because it offers the exact allegations that the Court found to be lacking in its motion-to-dismiss rulings. ECF No. 160. There, the Court concluded that AvalonBay's contract with RealPage ostensibly "prevent[s] AvalonBay from engaging in the requisite 'exchange of confidential information' through RealPage's RMS that is necessary to coordinate the alleged price-fixing." *Id.* at 28 (citation omitted). The proposed Amended Complaint includes new particularized allegations to indicate that, in fact, █████

████████████████████████████████████████████████████

7

 Am. Compl. ¶ 121. Consequently, ███

███[3]

Similarly, the Court credited AvalonBay's argument that its contract with RealPage restricted RealPage "from allowing its algorithm to generate any rental prices for AvalonBay based on anything other than AvalonBay's own Confidential Data or publicly-available data." ECF No. 160 at 29. But AvalonBay ████

Moreover, in reality, the contract *in no way restricted* RealPage's ability to use competitor data that AvalonBay itself obtained and supplied to the software, nor did it restrict RealPage's ability to use AvalonBay's data to set rents for another competitor if that competitor supplied AvalonBay's confidential data. Consistent with the contract, ████

Indeed, AvalonBay recognized that ████

---

[3] That AvalonBay's methods of carrying out the price-fixing conspiracy may have differed from the methods other Defendant Landlords used is of no legal relevance. To plead viable antitrust conspiracy claims, "there is no requirement that allegations pertaining to one defendant mirror those against other defendants in terms of specific conduct or 'quantity' of alleged 'bad acts.' Indeed, a defendant need not be accused of having engaged in all activities alleged to have advanced the conspiracy." *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709, 742 (E.D. Pa. 2011); *see also In re Elec. Books Antitrust Litig.*, 859 F. Supp. 2d 671, 690 (S.D.N.Y. 2012) ("[T]he fact that Apple might have had different motivations for joining the conspiracy, and was involved in only a portion of it, does not undermine the existence of the conspiracy itself or Apple's role as a participant.").



Am. Compl. ¶ 126 (emphasis added).

*Id.* ¶ 129.

*Id.* Therefore, notwithstanding the contract language, both AvalonBay and RealPage plainly understood that competitor data was used in calculating AvalonBay's rent prices.[4]

The proposed Amended Complaint includes these "key allegations" necessary to survive a motion to dismiss, *see* ECF No. 160 at 30, but it also buttresses those allegations with additional details that demonstrate AvalonBay's role in orchestrating the conspiracy. For instance, the proposed Amended Complaint explains how AvalonBay

Am. Compl. ¶ 133–36. Aside from

—reflecting direct evidence of AvalonBay's participation in the alleged conspiracy. For example,

---

[4] AvalonBay's contractual provisions in no way applied to or restricted it from directly inputting non-public competitor data into LRO and having that information used by LRO to generate rents. Am. Compl. ¶ 113. Accordingly, the contract provisions do not absolve AvalonBay of culpability.

9

 *Id.* ¶¶ 139–40.

And in general, AvalonBay was incentivized to join the conspiracy and use RealPage RMS because ███████████████████████████████ *Id.* ¶ 142. ████

*Id.* ¶ 130.

*Id.* In addition, AvalonBay

*Id.* ¶ 131. In this vein, AvalonBay

*Id.* ¶ 132.

These factual allegations—which must be taken as true—provide plausible grounds to infer that "AvalonBay subverted" the contract provisions supposedly barring confidential-data sharing and "engaged in the specific information exchange necessary to participate in [the] broader conspiracy." ECF No. 160, at 30 n.16. These allegations suffice to state Sherman Act and NJAA claims at the pleading stage, *see id.*, and the proposed amendment is therefore non-futile, *Shane*, 213 F.3d at 115.

## V.    CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to Amend the Complaint.

July 8, 2026                                    Respectfully submitted,


                                               JENNIFER DAVENPORT
                                               Attorney General of New Jersey

                                               */s/ Brian F. McDonough*
                                               Brian F. McDonough (NJ Bar No. 026121980)
                                               Assistant Attorney General
                                               Brian.McDonough@law.njoag.gov

                                               David Reichenberg (NJ Bar No. 507282024)
                                               Deputy Attorney General
                                               Section Chief, Antitrust Section
                                               David.Reichenberg@law.njoag.gov

                                               Jesse J. Sierant (NJ Bar No. 049342013)
                                               Deputy Attorney General
                                               Section Chief, Consumer Fraud Prosecution
                                               Section
                                               Jesse.Sierant@law.njoag.gov

                                               Laura E. Sedlak (NJ Bar No. 271282018)
                                               Deputy Attorney General
                                               Assistant Section Chief, Antitrust Section
                                               Laura.Sedlak@law.njoag.gov

                                               Monisha A. Kumar (NJ Bar No. 900212012)
                                               Deputy Attorney General
                                               Assistant Section Chief, Consumer
                                               Fraud Prosecution Section
                                               Monisha.Kumar@law.njoag.gov


                                               Samuel T. Eglow (NJ Bar No. 394462022)
                                               Deputy Attorney General
                                               Consumer Fraud Prosecution Section
                                               Samuel.Eglow@law.njoag.gov

                                               Douglas T. Post (NJ Bar No. 405852022)
                                               Deputy Attorney General
                                               Douglas.Post@law.njoag.gov

11

New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (609) 696-5271

*Attorneys for Plaintiffs*

*/s/ Brent W. Johnson*
Brent Johnson (NJ Attorney ID 031902003)
Emmy L. Levens (*pro hac vice* )
Robert A. Braun (*pro hac vice* )
Amanda K. Chuzi (*pro hac vice*)
Cohen Milstein Sellers & Toll LLP
1100 New York Avenue NW, Suite 800
Washington, DC 20005
(202) 408-4600
bjohnson@cohenmilstein.com
elevens@cohenmilstein.com
rbraun@cohenmilstein.com
achuzi@cohenmilstein.com

Aaron J. Marks (*pro hac vice* )
Cohen Milstein Sellers & Toll LLP
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797
amarks@cohenmilstein.com
*Attorneys for Plaintiffs*

12