Liza M. Walsh
Christine I. Gannon
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100
*Attorneys for Defendant RealPage, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER DAVENPORT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>REALPAGE, INC., *et al.*,<br><br>Defendants. | Civil Action No. 2:25-cv-03057<br>(SDW-JSA)<br><br>**DECLARATION OF**<br>**LIZA M. WALSH**<br><br>*Filed Electronically* |

I, Liza M. Walsh, hereby declare and state as follows:

1.      I am an attorney admitted to practice before this Court and a partner of the law firm of Walsh Pizzi O'Reilly Falanga LLP, counsel for Defendant RealPage, Inc. ("RealPage") in connection with the above-captioned matter. I am fully familiar with the facts set forth herein.

2.      I submit this Declaration on behalf of RealPage in support of the Motion to Seal limited portions of the Proposed First Amended Complaint and Motion for Leave to Amend (D.E. 212) in the above-captioned action. Specifically, RealPage seeks to seal the confidential information identified in the Index attached as Exhibit 1, which is collectively referred to herein as the "Confidential Information."

3.      The Confidential Information is the same information that was previously sealed pursuant to the Court's July 7, 2025 Order (D.E. 98).  More specifically, after the original

Complaint (D.E. 3) was filed, RealPage filed a Motion to Seal Limited Portions of the Complaint (D.E. 18) (the "Prior Motion to Seal"). The Court granted the Prior Motion to Seal on July 7, 2025 (D.E. 98). The portions of the Proposed Amended Complaint (D.E. 212-1, 212-2) that RealPage seeks to seal in the instant motion are identical to the portions of the original Complaint (D.E. 3) that were sealed pursuant to the Court's July 7, 2025 Order (D.E. 98).

4.     In issuing the July 7, 2025 Order (D.E. 98), the Court determined that RealPage satisfied its burden of establishing under Local Civil Rule 5.3(c) that the same information contained in the Confidential Information is entitled to protection, and that there is no less restrictive alternative to sealing the same information contained in the Confidential Information.

5.     It is my understanding that the Confidential Information has not been publicly disclosed since the Court's July 7, 2025 Order (D.E. 98).

6.     In the instant motion, RealPage relies upon the same evidentiary support previously submitted to the Court in connection with the Prior Motion to Seal, including the Declaration of Jay Srinivasan, filed at D.E. 18-1 and the Index attached as Exhibit A; and the Declaration of Amy Dreyfuss, filed at D.E. 18-2. Those declarations explain in detail the nature of the Confidential Information, the competitive and commercial harms that would result from public disclosure, and the basis for maintaining the information under seal. The Index attached as Exhibit A to the Declaration of Jay Srinivasan, filed at D.E. 18-1, identifies the same information as the Confidential Information identified in the Index attached here as Exhibit 1. I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

WALSH PIZZI O'REILLY FALANGA LLP

Dated: August 7, 2026                    s/Liza M. Walsh
                                         Liza M. Walsh

2

# EXHIBIT 1

**Local Civil Rule 5.3(c) Sealing Index**

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in a Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **Proposed Amended Complaint filed July 9, 2026 (D.E. 212-1, 212-2)** | | | | | |
| ¶ 102 (between "concluded that" and "in LRO"; and between "shared that it had" and "—so LRO User Group") ¶ 103 (between "RealPage to request that it" and "The timing"; and immediately following "a couple weeks back' where a" through the end of the paragraph) ¶ 104 (between "after RealPage" and "for Defendant Morgan") | The Confidential Information is identical to the information that was previously sealed pursuant to the Court's July 7, 2025 Order (D.E. 98), which granted RealPage's Motion to Seal Limited Portions of the Complaint (D.E. 18) (the "Prior Motion to Seal"). *See* Declaration of Liza M. Walsh ("Walsh Decl.") ¶ 3. In issuing the July 7, 2025 Order (D.E. 98), the Court determined that RealPage satisfied its burden of establishing under Local Civil Rule | The Confidential Information is identical to the information that was previously sealed pursuant to the Court's July 7, 2025 Order (D.E. 98), which granted RealPage's Prior Motion to Seal. *See* Walsh Decl. ¶ 3. In issuing the July 7, 2025 Order (D.E. 98), the Court determined that RealPage satisfied its burden of establishing under Local Civil Rule 5.3(c) that the same information contained in the Confidential Information is entitled to protection. *See* Walsh Decl. ¶¶ 4- 6; *see also* Srinivasan Decl., D.E. 18-1 at Exhibit A (setting forth the basis for sealing); Dreyfuss Decl., | The Confidential Information is identical to the information that was previously sealed pursuant to the Court's July 7, 2025 Order (D.E. 98), which granted RealPage's Prior Motion to Seal. *See* Walsh Decl. ¶ 3. In issuing the July 7, 2025 Order (D.E. 98), the Court determined that RealPage satisfied its burden of establishing under Local Civil Rule 5.3(c) that the same information contained in the Confidential Information is entitled to protection, and that there is no less restrictive alternative to sealing the Confidential | Yes, the Confidential Information that RealPage requests remain sealed is identical to the information that was previously sealed pursuant to the Court's July 7, 2025 Order (D.E. 98), which granted RealPage's Prior Motion to Seal. *See* Walsh Decl. ¶ 3. | None. |

| | | | | | |
|---|---|---|---|---|---|
| | 5.3(c) that the same information contained in the Confidential Information is entitled to protection. *See* Walsh Decl. ¶¶ 4-6; *see also* Declaration of Jay Srinivasan ("Srinivasan Decl."), D.E. 18-1 at Exhibit A (setting forth the basis for sealing); Declaration of Amy Dreyfuss ("Dreyfuss Decl."), D.E. 18-2 (setting for the basis for sealing). | D.E. 18-2 (setting for the basis for sealing). | Information. *See* Walsh Decl. ¶¶ 4 - 6; *see also* Srinivasan Decl., D.E. 18-1 at Exhibit A (setting forth the basis for sealing); Dreyfuss Decl., D.E. 18-2 (setting for the basis for sealing). | Additionally, this same information was also sealed in other litigation. *See* Index attached as Exhibit A to the Srinivasan Decl., filed at D.E. 18-1 (detailing prior orders sealing same information dated 1/31/2025 and 2/21/2025 in *District of Columbia v. RealPage, Inc.*, Case No. 2023 CAB 6762 (D.C. Super. Ct.)). | |
| ¶ 200[1] (between "creation of a" and "that made it easier") | The Confidential Information is identical to the information that was | The Confidential Information is identical to the information that was previously sealed pursuant | The Confidential Information is identical to the information that was previously sealed | Yes, the Confidential Information that RealPage | None. |

---

[1] RealPage notes that in the Prior Motion to Seal, this material was located at ¶ 169 of the original Complaint (D.E. 3, 18-1).

| | | | | |
|---|---|---|---|---|
| previously sealed pursuant to the Court's July 7, 2025 Order (D.E. 98), which granted RealPage's Prior Motion to Seal. *See* Walsh Decl. ¶ 3. In issuing the July 7, 2025 Order (D.E. 98), the Court determined that RealPage satisfied its burden of establishing under Local Civil Rule 5.3(c) that the same information contained in the Confidential Information is entitled to protection. *See* Walsh Decl. ¶¶ 4-6; *see also* Srinivasan Decl., D.E. 18-1 at Exhibit A (setting forth the basis for sealing); Dreyfuss Decl., D.E. 18-2 (setting for the basis for sealing). | to the Court's July 7, 2025 Order (D.E. 98), which granted RealPage's Prior Motion to Seal. *See* Walsh Decl. ¶ 3. In issuing the July 7, 2025 Order (D.E. 98), the Court determined that RealPage satisfied its burden of establishing under Local Civil Rule 5.3(c) that the same information contained in the Confidential Information is entitled to protection. *See* Walsh Decl. ¶¶ 4- 6; *see also* Srinivasan Decl., D.E. 18-1 at Exhibit A (setting forth the basis for sealing); Dreyfuss Decl., D.E. 18-2 (setting for the basis for sealing). | pursuant to the Court's July 7, 2025 Order (D.E. 98), which granted RealPage's Prior Motion to Seal. *See* Walsh Decl. ¶ 3. In issuing the July 7, 2025 Order (D.E. 98), the Court determined that RealPage satisfied its burden of establishing under Local Civil Rule 5.3(c) that the same information contained in the Confidential Information is entitled to protection, and that there is no less restrictive alternative to sealing the Confidential Information. *See* Walsh Decl. ¶¶ 4 - 6; *see also* Srinivasan Decl., D.E. 18-1 at Exhibit A (setting forth the basis for sealing); Dreyfuss Decl., D.E. 18-2 (setting for the basis for sealing). | requests remain sealed is identical to the information that was previously sealed pursuant to the Court's July 7, 2025 Order (D.E. 98), which granted RealPage's Prior Motion to Seal. *See* Walsh Decl. ¶ 3. Additionally, this same information was also sealed in other litigation. *See* Index attached as Exhibit A to the Srinivasan Decl., filed at D.E. 18-1 (detailing | |

| | | | | prior orders sealing same information dated 1/31/2025 and 2/21/2025 in *District of Columbia v. RealPage, Inc.*, Case No. 2023 CAB 6762 (D.C. Super. Ct.)). | |
|---|---|---|---|---|---|